UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN GRIMES,

                              Petitioner,

  v.                                                   9:03-CV-1426
                                                      (LEK/DEP)
WILLIAM E. PHILLIPS, Superintendent,

                              Respondent.
_____

**APPEARANCES:**                                **OF COUNSEL:**

**FOR THE PETITIONER:**

**BENJAMIN GRIMES**
Petitioner, *pro se*
00-A-1447
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-0010

**FOR THE RESPONDENT:**

**HON. ANDREW M. CUOMO**                **STEVEN H. SCHWARTZ, Esq.**
Office of the Attorney General                Principal Attorney
State of New York
The Capitol
Albany, NY 12224-0341

**LAWRENCE E. KAHN**
**UNITED STATES DISTRICT JUDGE**

**MEMORANDUM-DECISION AND ORDER**

      On November 28, 2003, Benjamin Grimes ("Petitioner" or "Grimes") filed a Petition for a writ of habeas corpus  See Dkt. No. 1.  Grimes bases his petition on claims that his Indictment was improperly amended after Grimes' criminal trial had commenced.  See Pet. (Dkt. No. 1) at 5.

On April 23, 1999, Petitioner was indicted for committing rape and various other crimes against the minor daughter of his then-girlfriend, between October 1995 and the summer of 1996.  See Indictment No. 99-1055.  During Petitioner's trial, in December 1999, counsel for the prosecution received documentation that the victim and her mother had moved out of their home earlier than had previously been thought.  Trial Tr. (12/16/99) at 46-50.  This information contradicted the description of the dates and location of the criminal conduct in the indictment. Id.  Judge McGrath allowed the victim and her mother to testify that the alleged criminal conduct took place one (1) year earlier than described in the original indictment.  Trial Tr. (12/20/99) at 27-86.  The prosecution then moved to amend the indictment to reflect the dates indicated in the recent testimony by the victim and her mother.  Id.  After hearing Petitioner's objections, the court granted the motion to amend the indictment, noting that the dates of the rapes had no relevance to the theory of the case and that the amendment would not prejudice Petitioner.  Id.  The court also granted defense counsel an adjournment until January 10, 2000 to respond to the prosecution's rebuttal.  Id.  Petitioner was convicted of all charges submitted to the jury on January 11, 2000 and sentenced on February 1, 2000.  Trial Tr. (1/11/00) at 229-30; Tr. of Sentencing of Benjamin J. Grimes (2/1/00).

Grimes appealed his conviction to the New York State Supreme Court, Appellate Division, Third Department.  In that appeal, Grimes' appellate counsel argued that the prosecutor was improperly allowed to amend the indictment after the trial had commenced.  See Appellant's brief on Appeal at 1-6.  On January 30, 2003, the Third Department denied Grimes' appeal on this point.  See People v. Grimes, 301 A.D.2d 953 (N.Y. App.Div. 3d Dep't. 2003). On April 3, New York's Court of Appeals denied his application for leave to appeal to that

court.  See People v. Grimes, 99 N.Y.2d 654 (2000).

## DISCUSSION

A.  Standard of Review Applicable to Grimes' Claim

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may award habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication of the claim: (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  DeBerry v. Portuondo, 403 F.3d 57, 66 (2d Cir. 2005) (citing 28 U.S.C. § 2254(d)).  AEDPA also requires that in any such proceeding "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also DeBerry, 403 F.3d at 66; Boyette v. LeFevre, 246 F.3d 76, 88 (2d Cir. 2001).

A state court decision violates the "contrary to" clause of section 2254(d)(1) when it "reaches a result opposite to the one reached by the Supreme Court on the same question of law or arrives at a result opposite to the one reached by the Supreme Court on a 'materially indistinguishable' set of facts.'"  Earley v. Murray, 451 F.3d 71, 74 (2d Cir. 2006) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  A federal habeas court may only grant the writ under the "unreasonable application" clause of the section when the state court's decision "identifies the correct rule of law but applies that principle to the facts of the prisoner's case in

3

an unreasonable way." Earley, 451 F.3d at 74 (citing Williams, 529 U.S. at 413). A federal court engaged in habeas review is not charged with determining whether the state court's determination was merely incorrect or erroneous, but instead whether such determination was "objectively unreasonable." Williams, 529 U.S. at 409; see also Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001). Objectively unreasonable means "'some increment of incorrectness beyond error is required'" in order to grant a federal habeas application. Earley, 451 F.3d at 74 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000)).

B.  Substance of Grimes' Claim

The Third Department found Grimes' appellate challenge to the amendment of the Indictment to be without merit. See Grimes, 301 A.D.2d at 954-55. This Court must, therefore, ascertain whether that finding is either contrary to, or represents an unreasonable application of, clearly established Supreme Court precedent.

    i.  Clearly Established Supreme Court Precedent

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. Const., amend VI. This right applies to the states through the Fourteenth Amendment. In re Oliver, 333 U.S. 257, 273-74 (1948).[1]

To determine whether an indictment satisfies this requirement of due process, a court must ascertain whether the indictment: (1) contains the elements of the offense charged; (2)

---

[1] The right granted by the Fifth Amendment to the United States Constitution to be tried for a felony only upon a grand jury indictment does not apply to the states. See Hurtado v. California, 110 U.S. 516, 534-35 (1884); LanFranco v. Murray, 313 F.3d 112, 118 (2d Cir. 2002).

4

provides the defendant adequate notice of the charges against which he must defend; and (3) protects against double jeopardy by enabling the defendant to rely on either an acquittal or conviction as a bar to future prosecutions for the same offense. Russell v. United States, 369 U.S. 749, 763-64 (1962).[2] As the Supreme Court long ago noted in United States v. Cruikshank, 92 U.S. 542 (1876):

> The object of the indictment is to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances.

Id. at 588. Moreover, it is equally well-settled that "unless a particular day be made material by the statute creating the offense," a prosecutor is not required to prove that an offense was committed upon the specific day alleged in the indictment. Ledbetter v. United States, 170 U.S. 606, 612 (1898) (citations omitted); see also United States v. Miller, 471 U.S. 130, 144 (1985).

    ii.  Contrary To, or Unreasonable Application Of, Clearly Established Supreme Court Precedent

The amendment of the Indictment during the course of Grimes' trial did not violate his constitutional rights.

---

[2] The Double Jeopardy Clause of the Fifth Amendment protects persons from being tried twice for the same criminal offense. See U.S. Const., amend. V; Brown v. Ohio, 432 U.S. 161, 165 (1977); see United States v. Dinitz, 424 U.S. 600, 606 (Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant against "repeated prosecutions for the same offense") (quoting Wade v. Hunter, 336 U.S. 684, 689 (1949)).

Initially, the Court finds that the Indictment, as amended, clearly contained the elements of the offenses charged therein; provided him with adequate notice of those charges and enabled him to prohibit the state from prosecuting him on those charges in the future. Thus, Petitioner's rights under the Double Jeopardy Clause were not violated by the amendment. See Russell, 369 U.S. at 763-64.

Moreover, the change in the dates did not implicate Grimes' due process rights. In this regard, the Court notes that the dates on which the alleged criminal conduct occurred were not material to any of the elements of the crimes alleged therein. Significantly, the amendment did not implicate the statute of limitations applicable to the charged criminal offenses; at the time the Indictment was returned against Grimes, New York's Criminal Procedure Law required charges of first degree rape and first degree sexual abuse to be filed within five years of the date of the alleged incident. See (former) CPL § 30.10(2)(b) (providing that the prosecution for Class B and D felonies "must be commenced within five years after the commission thereof").[3] In the criminal matter below, although the Amended Indictment alleged that the criminal conduct occurred a year prior to the dates alleged in the Original Indictment, the earliest date referenced in the Amended Indictment alleged that Grimes had engaged in criminal sexual conduct on October 15, 1994, a date less than five years from the date on which the Original Indictment was returned against Grimes. Compare Resp. App. at RA2-4 (Amended Indictment alleging that crimes occurred between October, 1994 through the Summer of 1996) with RA5

---

[3] Effective November 1, 2006, the five year statute of limitations has been eliminated with respect to the crime of first degree rape, a Class B felony. See CPL § 30.10(2)(a); L.2006, c. 320, § 10, eff. Nov. 1, 2006; see also N.Y. PENAL LAW § 130.35. The five year limitations period has not been modified with respect to the Class D felony of first degree sexual abuse. See CPL § 30.10(2)(a), (b); see also N.Y. PENAL LAW § 130.65.

6

(noting that Original Indictment was returned on April 23, 1999).[4]

Moreover, courts within this Circuit have uniformly required petitioners to establish that they were prejudiced by an amendment to an indictment to prevail on a claim challenging such an amendment. See Breland v. Artus, No. 05 CV 4076 (ARR), 2006 WL 845474, at *13 (E.D.N.Y. Mar. 29, 2006) ("Given that petitioner has failed to establish that the amendment of the indictment prejudiced his case, the court concludes that petitioner's argument that the amendment of the indictment was improper is meritless") (citations omitted); Jelinek v. Costello, 247 F.Supp.2d 212, 270 (E.D.N.Y. 2003) ("if the variance between an indictment and the state's proof at trial is immaterial and results in no surprise or prejudice to the defendant, it is not cause for reversal of a conviction") (citations omitted); Jones v. Speckard, 827 F.Supp. 139, 149 (W.D.N.Y. 1993) ("Variances between facts charged and facts proved ... require a showing of prejudice to the defendant") (citation omitted).  This Court agrees with the Third Department that: (1) Grimes' incriminating letter to the victim (in which he referred to the age of the victim in a manner that was consistent with the dates referenced in the Amended Indictment); (2) Petitioner's testimony that he never sexually abused M.C.; and (3) the County Court's decision granting defense counsel's request for an adjournment of the proceedings for three (3) weeks to afford Grimes the opportunity to prepare additional proof to address the amendments made to the Indictment (see Grimes, 301 A.D.2d at 954-55), demonstrates that

---

[4] The Original and Amended Indictments both referred to the age of the victim as being "less than eleven [11] years old" at the time of the crimes. See Indictment, Counts One through Four; Amended Indictment, Counts One through Four.  However, the fact that the victim was nine years old at the time of the crimes in the Amended Indictment, rather than ten years old as reflected in the Original Indictment, did not alter the severity of the charges brought against Grimes or subject him to a lengthier term of imprisonment upon his conviction.

Petitioner was not prejudiced by the amendments to the Indictment.

In sum, nothing before this Court suggests that the Third Department's determination which rejected Grimes' appellate claim challenging the amendment of the indictment is either contrary to, or represents an unreasonable application of, clearly established Supreme Court precedent. Grimes' habeas application must, therefore, be denied.

Accordingly, it is hereby

**ORDERED**, that Grimes' Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated:      May 29, 2007
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge