UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
BENJAMIN GRIMES,

                Petitioner,                      9:03-CV-1426
                                                                       (LEK/DEP)

    v.

WILLIAM E. PHILLIPS, Superintendent,

                Respondent.
--------------------------------------------------------------------------
APPEARANCES:                              OF COUNSEL:

BENJAMIN GRIMES
Petitioner, *pro se*
00-A-1447

HON. ANDREW M. CUOMO               STEVEN H. SCHWARTZ, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## ORDER

Benjamin Grimes ("Grimes" or "Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with the Court on November 28, 2003. Docket No. 1. Said Petition was dismissed by Order of this Court filed May 29, 2007 ("May Order"). See Dkt. No. 16. Thereafter, Petitioner filed a Notice of Appeal. Dkt. No. 18.

The Court notes that Grimes has ***not*** filed a request for a Certificate of Appealability ("COA") as required by 28 U.S.C. § 2253(c)(1). However, the Second Circuit has held that a Notice of Appeal may be construed as a Motion for a COA. See Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999) (citing Hooper v. United States, 112 F.3d 83, 88 (2d Cir. 1997)); see also Forbes v. United States, 1999 WL 1133362 (S.D.N.Y 1999) (court properly

construed notice of appeal as COA and ruled on same).  Therefore, the Court will construe Grimes' Notice of Appeal as a request for a COA.

28 U.S.C. § 2253(c)(1) provides in relevant part:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.

However, a COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).

After reviewing the relevant portions of the file relating to this action, and for the reasons set forth in the May Order, the Court finds that the Petitioner has failed to make such a showing herein.  Therefore, the Court denies his request.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's Notice of Appeal (Docket No. 18) shall be construed as a request for a Certificate of Appealability, and it is further

**ORDERED**, that Petitioner's Application for a Certificate of Appealability (Docket No. 18) is **DENIED** for the reasons set forth above, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:     January 08, 2008
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge